IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | Criminal No. 97-76(DRD) |
| vs. | § | |
| | § | |
| WILLIAM SOTO-BENIQUEZ, | § | |
| Defendant. | § | |

MOVANT'S REPLY TO COUNSEL'S
RESPONSE TO COURT ORDER

COMES NOW, William Soto-Beniquez, the pro se movant in the above-styled matter, and respectfully submits this pleading in reply to counsel's (Marlene Aponte Cabrera) motion in response to this Court's order to show cause why movant should not be given his legal files in counsel's possession.

1.    Counsel suggest that pro se pleadings filed with this Court by movant are not the product of movant's knowledge or intent. Although movant can not himself functionally communicate in English he has conveyed his wishes to a fellow prisoner who can speak and write both Spanish and English. Every letter, pleading, and motion filed with this Court was signed and adopted by movant knowingly, and intelligently.

2.  Counsel contends that BOP inmates are prohibited from providing legal assistance to each other, or possessing another inmates legal papers. Counsel is mistaken. BOP inmates are allowed to assist each other with legal matter, and possess each other's legal documents as long as such possession occurs in the law library. See: 28 C.F.R. §543.11(f)(1) & (2).(copy attached) Exhibit A. To be sure, the U.S. Supreme Court guarantees prisoners the right to help each other with legal matter. Johnson v. Avery, 393 U.S. 483 (1969). A criminal defense attorney should know about such rights. Counsel's motion in this regard serves to illustrate counsel's ineffectiveness as alleged in movant's §2255. Fortunately, movant does not have to suffer the consequences of counsel's deficent performance at this juncture of proceedings.

3.  Counsel next argues that movant have someone pick-up his criminal files or allow counsel to deposit them at the Federal Courthouse. Alternatively, counsel suggests that U.S. Marshals deliver documents to movant due to the cost to counsel for mailing. ($600.00-800.00 est. postage.) Of course the figure quoted by counsel pales against the tens of thousands of dollars counsel recieved from CJA funds to represent the movant at trial and on appeal. Consequently, counsel should be ordered to make arrangments with BOP officials and absorb the cost of postage to mail documents to movant.

4.  In any event, movant needs, and is entitled to have, his criminal documents to perfect his §2255 motion. Movant tried to facilitate the reciept of documents by having certain portions

made available. (See: letters to counsel). Counsel did not answer, and now wants to make it an all or nothing argument.

Movant does not have anyone who can take possession of files from counsel. Therefore, the files must be conveyed to movant via some alternative manner.

5.  Movant agrees that counsel can not represent him on §2255 alleging IAC, so this Court should grant counsel's motion to withdraw.

### CONSLUSION

WHEREFORE, movant prays this Honorable Court will devise a solution to this matter that respects movant's Constitutional rights and serves the ends of justice accordingly.

Respectfully prayed for this **05** day of **MAY**, 2005.

/s/ *William Soto*
William Soto-Beniquez

## CERTIFICATE OF SEVICE

I, William Soto-Beniquez, do hereby certify that on this date I made service of my pro se "Movant's Reply to Counsel's Response" by placing same in the prison legal mail-box with first class postage affixed addressed as follows:

        Clerk of Court
        U.S. District Court
        District of Puerto Rico
        Room 150
        Hato Rey, PR 00918-1767

        Marlene Aponte Cabrera, Esq.
        Sierra Morena 271
        Las Cumbres
        San Juan, PR 00926

Done this  05  day of  MAY , 2005

                                        /s/ *William Soto*
                                          William Soto-Beniquez